UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OLE SAVIOR, U.S. PUBLIC,<br><br>Plaintiff,<br><br>v.<br><br>DONALD JOHN TRUMP,<br><br>Defendant. | Case No. 17-cv-1417 (DWF/SER)<br><br><br><br>REPORT AND RECOMMENDATION |

This case is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint

does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's complaint does not meet this standard. Plaintiff has not presented anything even close to a coherent factual narrative. Plaintiff appears to be attempting to sue the President of the United States based on an incoherent jumble of political topics and current events written all over the Court's complaint form. ECF No. 1 at 6-7. The Court finds that Plaintiff's complaint fails to state any actionable claim for relief. The Court will therefore recommend that Plaintiff's IFP application be denied, and this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) be DENIED;

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 6, 2017                   s/ *Steven E. Rau*
                                      STEVEN E. RAU
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).